**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JOHN PAUL SMITH,**
                    **Petitioner,**

**v.**                                                    **Criminal Action No.: 3:02-CR-64**
                                                       **Civil Action No.: 3:17-CV-115**
                                                       **(GROH)**

**UNITED STATES OF AMERICA,**
                    **Respondent.**


**<u>REPORT AND RECOMMENDATION</u>**


**I.   INTRODUCTION**

On  September  21,  2017,  the  *pro se* Petitioner  filed  a Motion to Vacate under 28 U.S.C. § 2255.  3:17-CV-115, ECF No. 1, 3:02-CR-64, ECF No. 920.  Petitioner is a federal inmate  currently  housed  at  Butner  Low  Federal  Correctional  Institution  in  Butner,  North Carolina,  who  is  challenging  the  validity  of  his  sentence.  This  matter  is  pending  before this Court for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2.


**II. FACTUAL AND PROCEDURAL HISTORY**

On  December  4,  2002,  Petitioner  was  indicted[1]  and  charged  with  eight  controlled substance  offenses.   ECF  No.  1.   On  March  20,  2003,  pursuant  to  a  written  plea agreement, Petitioner  entered  a plea of guilty to distribution of heroin as charged in Count 57  of  the  indictment,  which  offense  was  alleged  to  have  occurred  on  November  1,  2002.

_____

[1]  Eighteen other individuals were charged as co-defendants in the same indictment.

ECF No. 337.   Pursuant to the terms of the plea agreement, the United States agreed to recommend that the remaining counts of the indictment be dismissed if Petitioner was forthright and truthful.  ECF No. 337 at 2, ¶ 5.  Additionally, Petitioner agreed to waive his right to appeal any sentence imposed "within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever. . . [and] his right to challenge his sentence or the manner in which it was determined in any collateral attack, including . . . a motion brought under Title 28, United States Code, Section 2255."   Id. at 3 – 4 ¶ 10.

A Pre-Sentence Investigation Report ("PSIR") was prepared on April 25, 2003, and addendum prepared on May 19, 2003.  ECF No. 502.  On July 30, 2003[2], Petitioner was sentenced to imprisonment for 240 months.  ECF No. 506.   On that date Counts 1, 2, 51, 52, 55, 56 and 58 of the indictment were dismissed.  Id. at 1.  Petitioner filed a notice of intent to appeal his conviction on August 18, 2003, in a case which was docketed in the Fourth Circuit as 03-4703.  ECF No. 519.   On February 23, 2004, the Fourth Circuit entered an order remanding the appeal to the District Court to determine whether Petitioner demonstrated excusable neglect or good cause to warrant extension of the ten-day appeal period.  ECF No. 562.   On June 1, 2004, the District Court found that Petitioner could show excusable neglect or good cause for filing his notice of appeal outside the ten-day appeal period, but within the thirty-day excusable neglect period.  ECF No. 581.   The Fourth Circuit dismissed the appeal on July 18, 2005, after the Court considered the Government's motion to dismiss and Petitioner's response.  ECF No. 602.

On April 2, 2008, Petitioner filed a motion for retroactive application of the United

---

[2]  The Court notes that the sentencing hearing occurred on July 30, 2003, but the Judgment and Commitment Order was not entered until August 1, 2003.

States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") under 18 U.S.C. § 3582. ECF No. 660.  On May 30, 2008, the District Court denied Petitioner's § 3582 motion, determining that "application of the 2007 amendments does not reduce the guideline range."  ECF No. 665 at 3.

On June 9, 2008, Petitioner filed a notice of appeal of the order denying his motion to reduce sentence, in a case which was docketed by the Fourth Circuit as 08-6953.  ECF No. 666.  On October 17, 2008, by unpublished per curiam opinion, the Fourth Circuit affirmed the District Court's denial of Petitioner's motion to reduce sentence.  ECF No. 688.

On February 3, 2012, Petitioner filed a second motion to reduce sentence pursuant to 28 U.S.C. § 3582, and an accompanying memorandum of law.  ECF Nos. 792, 792-1. On February 15, 2012, the District Court denied Petitioner's second § 3582 motion.  ECF No. 794.  On June 6, 2012, Petitioner filed a motion for reconsideration of the Court's denial of his § 3582 motion.  ECF No. 797.  The District Court denied the motion to reconsider on June 8, 2012.  ECF No. 799.  Petitioner again appealed to the Fourth Circuit on June 25, 2012, in a case docketed by the Fourth Circuit as 12-7090.  ECF No. 801.  On November 27, 2012, by unpublished per curiam opinion, the Fourth Circuit affirmed the District Court's denial of Petitioner's motion for reconsideration and in part and dismissed the appeal of the February 15, 2012, order as untimely.  ECF No. 832.

On April 14, 2015, Petitioner filed a third motion to reduce sentence pursuant to § 3582, with an accompanying memorandum of law.  ECF Nos. 856, 856-1.  The District Court denied the motion for reduction of sentence by order entered June 15, 2015.  ECF No. 860.  Petitioner again appealed the District Court's decision, in a case which was docketed by the Fourth Circuit as 15-7000.  ECF No. 864.  On November 3, 2015, the Fourth Circuit, by unpublished per curiam opinion, affirmed the District Court's denial of

3

Petitioner's motion for reduction of sentence.  ECF No. 873.  By order entered December 7, 2015, the Fourth Circuit denied the petition for rehearing and hearing *en banc*.  ECF No. 877.  On April 21, 2017, the Fourth Circuit, by unpublished per curiam opinion, vacated the District Court's order denying Petitioner's § 3582 motion, and remanded the matter for reconsideration "after an opportunity for input from the parties and probation officer."  ECF No. 897 at 4.

Upon remand, on May 15, 2017, the District Court ordered the parties and probation officer to file briefs in the matter.  ECF No. 900.  The United States filed its brief on May 25, 2017 [ECF No. 902], the Probation Officer filed its memorandum on May 31, 2017, [ECF No. 905], and the Petitioner filed his memorandum on June 20, 2017 [ECF No. 909].  The District Court entered its order of reconsideration on August 14, 2017.  ECF No. 914. Among other findings, the Court found that: at the Petitioner's sentencing hearing on July 30, 2003, the Court adopted the PSIR, which attributed the following relevant conduct to the Petitioner: 639.3631 grams of heroin, 583.0393 grams of oxycodone, 85.55 grams of cocaine base, and 115.2 grams of cocaine [Id. at 3]; on November 1, 2003, the drug equivalency tables in the Guidelines altered the oxycodone to marijuana equivalency [Id.]; the total weight of actual oxycodone in the underlying case was not 583.0393 grams, but rather 79.48 grams [Id.]; Petitioner's total relevant conduct is 1,500.41815 kilograms of marijuana equivalency [Id. at 4]; Petitioner's base offense level is 30 [Id.]; Petitioner received a two-level enhancement for obstruction of justice, resulting in a total offense level of 32, rather than his previously calculated offense level of 34 [Id.]; and Petitioner's Guidelines recommended sentence range was 188 to 235 months [Id.].  The District Court then granted in part Petitioner's motion [ECF No. 856] to reduce his sentence, and imposed a sentence of 235 months of imprisonment.  Id. at 5.

4

On August 25, 2017, Petitioner again filed a notice of appeal, in a case docketed by the Fourth Circuit as 17-7118. ECF No. 916. While this appeal was pending, on September 21, 2017, Petitioner filed a Motion to Vacate which raised two issues[3]. ECF 920. On January 22, 2018, the Fourth Circuit, but unpublished per curiam decision, affirmed the reduction of sentence by the District Court. ECF No. 929.

The motion to vacate filed on September 21, 2017, was not on court-approved forms, and a notice of deficient pleading issued on that date. ECF No. 924. Petitioner refiled his motion to vacate his conviction under 28 U.S.C. § 2255 on court-approved forms on October 18, 2017. ECF No. 928. Therein he asserts two claims for relief which, while similar to, are not verbatim recitations of the arguments raised in his initial motion to vacate. In his motion to vacate on court approved forms [ECF No. 928], Petitioner asserts that: (1) that his counsel was ineffective at sentencing "for not objecting to or appealing the court's findings" [ECF No. 928 at 5]; and (2) that his sentence was "based on a drug attribution other than the amount charged in the indictment" [Id. at 7]. Petitioner requests that the Court: (1) vacate his sentence; and (2) conduct a full resentencing. Id. at 14.

### III. LEGAL STANDARD

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's

---

[3] Petitioner's first claim for relief was that he received ineffective assistance of counsel at his July 30, 2003, sentencing because his counsel did not object to or appeal the district court's findings, in light of Blakely v. Washington, 542 U.S. 296 (2004) and U.S. v. Booker, 543 U.S. 220 (2005). ECF No. 920 at 4. Petitioner's second claim for relief was that his sentence violated the Sixth Amendment because it was based on a drug attribution amount that differed from the amount charged in the indictment. Id. at 5.

case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[4]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**C.      Motions made Pursuant to 28 U.S.C. § 2255.**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.  To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack**.**  28 U.S.C. § 2255(a).

The Supreme Court of the United States has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255.  Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing those same issues in § 2255 proceedings.   "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted). Similarly, the Supreme Court has long held that the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

A constitutional error that could have been, but was not raised on appeal, may not

be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley,  523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur."  Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977).  The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel."  Id. (Citing Wainwright v. Sykes, supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451 (1965)).  To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, contemplated in the second prong, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  Bousley, 523 U.S. at 623.

And it is also, "well settled that a voluntary and intelligent plea of guilty made by an

accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998).

## IV.   ANALYSIS

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review Petitioner's motion and submit findings and recommendations to the District Court.   As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. Haines v. Kerner, supra.   However, even under this less stringent standard, Petitioner's motion to vacate should be denied.   Petitioner's motion to vacate fails because he is unable to meet the requirements of 28 U.S.C. § 2255 which requires proof that: (1) his conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.

Petitioner waived his right to appeal or collaterally attack his conviction and sentence on all grounds except for allegations of ineffective assistance of counsel or prosecutorial misconduct.   Petitioner makes one claim that he was denied effective assistance of counsel.

Claims of ineffective assistance of counsel are governed by the two-part analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984), which requires that Petitioner show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  Id. at 694. As discussed more fully below, Petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness, but even if he had done so, Petitioner has further failed to demonstrate that the result of the proceeding would have been different as a result of such alleged error.

The Supreme Court in Strickland recognized that, "[j]udicial scrutiny of counsel's performance must be highly deferential," and that courts should also "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689, 690. "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system.  Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977).  However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality."  Id.  "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement."  United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).  Thus, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner has made no showing that his counsel's performance fell below an objective standard of reasonableness in relation to his sentencing.  Furthermore, even if counsel's actions were deemed to fall below an objective standard of reasonableness, Petitioner is unable to demonstrate that the result would have been different. Accordingly,

Petitioner's allegation of ineffective assistance of counsel is without merit.

### A. Petitioner's sentence was not imposed in violation of the laws or Constitution of the United States.

Following his guilty plea to distribution of heroin, Petitioner was sentenced to 240 months of imprisonment on July 30, 2003.  ECF No. 506.  The sentence imposed was within the 20 year maximum range agreed upon by the parties in the plea agreement filed with the Court [ECF No. 337], and as authorized by the controlling statute, 21 U.S.C. § 841(b)(1)(C).[5]

Petitioner's first claim for relief asserts that his counsel took no action to correct his sentence and that accordingly, his counsel was ineffective.  However, Petitioner is unable to meet the two-prong Strickland test to demonstrate that his counsel was ineffective.

Petitioner now complains that his counsel at his initial sentencing, B. Craig

---

[5]  21 U.S.C. § 841(b)(1)(C) provides in its entirety:

In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid (including when scheduled as an approved drug product for purposes of section 3(a)(1)(B) of the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000), or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced be eligible for parole during the term of such a sentence.

Manford, was ineffective for not objecting to or appealing the Guidelines computation of relevant conduct and the Court's computation of his base offense level.  ECF No. 928 at 5.  However, Petitioner's relevant conduct was agreed to by the parties in the plea agreement, which in paragraph 9 provides that, "the parties hereby stipulate and agree that the total drug relevant conduct of the defendant with regard to the Indictment is 403.0393 grams of oxycodone, 85.55 grams of cocaine base, also known as "crack," 115.2 grams of cocaine hydrochloride, also known as "coke," and 634.6936 grams of heroin."  ECF No. 337 at 3.  At the July 30, 2003 sentencing hearing, Petitioner did not object to the heroin quantity, but instead only challenges the quantity of 85.5 grams cocaine base, crack.  ECF No. 587 at 15:10 – 12.

Moreover, three of the four cases upon which Petitioner's argument relies[6] were decided after his July 30, 2003 sentencing.  Clearly, counsel failure to object to Petitioner's sentence based on cases which had not yet been decided was not objectively unreasonable.  Even if counsel was aware of those pending cases, his performance did not fall below an objective standard of reasonableness in failing to raise those pending cases at the time of sentencing.  Further, because Petitioner was sentenced within the statutory maximum for the offense of conviction, Petitioner was not prejudiced by any alleged ineffective assistance of his counsel.  The fourth case Petitioner raises, United States v. Benenhaley, 281 F.3d 423 (4th Cir. 2002), he mistakenly cites as having been decided in 2013.  Nonetheless, a review of the decision reveals that Petitioner's reliance on Benenhaley is misplaced. Benenhaley was tried and convicted by a jury.  However, his sentence was based on a drug attribution amount not

---

[6]  These cases include Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker 543 U.S. 220 (2005), and United States v. Brooks, 524 F.3d 549 (4th Cir. 2008).

decided by the jury.  By contrast, Petitioner pled guilty pursuant to a plea agreement and his sentence was calculated based on stipulated relevant conduct per his plea agreement.  Accordingly, even if counsel at the 2003 sentencing had objected based on the 2002 decision in Benenhaley, that case does not support Petitioner's contention.  Thus, counsel's failure to use Benenhaley as the basis for an objection to sentencing in 2003 was not objectively unreasonable performance.

Moreover, to the extent that Petitioner complains that his attorney in the 2003 sentencing failed to object to Petitioner's sentence, that sentence has subsequently been reduced[7] and any issue concerning his counsel's representation related to the sentence imposed in 2003 is now moot.   However, even if this Court were to consider counsel's performance at the 2003 sentencing, Petitioner cannot meet both prongs of Strickland, and thus is not entitled to relief.

Finally, although Petitioner pled guilty to a single count of distribution of heroin involving .79 grams of heroin, his sentence was based on the stipulation as to relevant conduct contained in his plea agreement, which was substantially more than the .79 charged in Count 57 of the indictment.  The court properly calculated his sentence based on the relevant conduct stipulation and there was no error to which counsel could have or should have appealed.  Accordingly, Petitioner cannot show that counsel's performance fell below an objective standard of reasonableness in that regard.

Further, the Court's refusal to reduce Petitioner's base offense level for acceptance of responsibility and increase his base level based on obstruction was proper, and Petitioner's claims are without merit.   As to this argument, Petitioner cannot

_____

[7]   Petitioner represented himself in the 2017 resentencing.  Mr. Manford was not involved in the 2017 resentencing from which Petitioner now seeks relief.  Accordingly, there is no reasonable probability that, but for counsel's alleged unprofessional errors in the 2003 sentencing, that the result of the 2017 sentencing would have been different.

13

demonstrate that counsel's performance in failing to object or appeal fell below an objective standard of reasonableness.  Even if Petitioner was able to demonstrate that counsel's performance was below an objective standard of reasonableness, he cannot meet the second prong of <u>Strickland</u> and demonstrate that the result would have been different.  Accordingly, Petitioner cannot show prejudice and his petition fails.

**B.    The Court which imposed Petitioner's sentence properly exercised jurisdiction.**

Petitioner was charged in Count 57 of the indictment with a controlled substance offenses in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  ECF No. 1 at 59.  Count 57 charged:

> On or about the 1st day of November, 2002, at approximately 1:50 p.m., in Slainesville, Hampshire County, West Virginia, within the Northern District of West Virginia, defendant JOHN PAUL SMITH did unlawfully, knowingly, intentionally and without authority approximately .79 grams of heroin, a Schedule I drug controlled substance, as designated by Title 21, Code of Federal Regulations, Section 1308.11, Schedule I(c)(11), to a person known to the grand jury, in exchange for $125.00; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>Id.</u>   That matter was properly before the District Court for the Northern District of West Virginia.  "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.  Petitioner is unable to demonstrate that the District Court which imposed his sentence was without jurisdiction to do so, and accordingly, in that regard his claim fails.

### C.      Petitioner's Sentence Did Not Exceed the Maximum Authorized by Law

The crime to which Petitioner entered a guilty plea was a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The penalty proscribed in Section 841(b)(1)(C) in its pertinent part provides that when an individual is convicted of distributing a Schedule I or II controlled substance, "such a person shall be sentenced to a term of imprisonment of not more than 20 years. . ."

Petitioner was sentenced to 240 months, or 20 years of imprisonment, within the range agreed upon by the parties in the plea agreement.  ECF No. 506.  Thereafter, the District Court granted in part Petitioner's motion to reduce his sentence, by imposing a 235 month sentence.  ECF No. 914.  That 235 month sentence is what Petitioner now contests[8].  ECF No. 928 at 1.  Even if Petitioner contests his original 240 month sentence, that sentence did not exceed the maximum authorized by law, and thus, he is not entitled to relief pursuant to his motion to vacate under 28 U.S.C. § 2255 on this ground.

Moreover, the sentence imposed was based upon a drug attribution amount which was agreed to by Petitioner.  Paragraph 9 of the plea agreement stipulated that "the total drug relevant conduct of the defendant with regard to the Indictment is 403.0393 grams of

---

[8]  The Court notes that the 235 month sentence imposed by the District Court on August 14, 2017, is the same time period discussed with Petitioner when he first challenged the relevant drug conduct at his initial sentencing hearing on July 30, 2003.  ECF No. 587.  Before addressing the sentencing, Petitioner advised the Court that he wished to challenge the previously agreed upon quantity of drugs which constituted the relevant conduct as to the quantity of cocaine base (crack).  Id. at 6:10 – 8:6.  The Court advised Petitioner that, the applicable sentence:

. . . At a criminal history category V, is two hundred and thirty-five to two hundred ninety-three months of incarceration and the statute caps you out at two hundred and forty. . . .  [and if we were to] assume [the Court] would remove this crack from your stipulated conduct and you'd drop down to a 30 [level offense]. . . . You'd go back up to a 32 because you've got the obstruction of justice. . . . A 32 – V is one hundred and eighty-eight to two hundred and thirty-five months of imprisonment. . . . Which is going to cap you out at two forty or its going to cap you out at two thirty-five, if you were lucky enough to get the 30. . . I'm just trying to point out to you what you're arguing . . . about over here is five months."

Id. at 24:4 – 25:7.

oxycodone, 85.55 grams of cocaine base, also known as "crack," 115.2 grams of cocaine hydrochloride, also known as "coke," and 634.6936 grams of heroin (a total marijuana equivalency of 2,572.943 kilograms of marijuana)." These agreed upon quantities were used by the District Court to calculate the drug attribution amount. These amounts were agreed to as part of an agreement to dismiss seven other felony controlled substance charges. This agreed upon amount was not used to increase Petitioner's penalty to a term which exceeded the maximum allowed by law. Accordingly, Petitioner's motion to vacate does not merit relief on this ground.

**D.     Petitioner's Sentence Was Not Otherwise Subject to Collateral Attack.**

Petitioner's sentence was not otherwise subject to collateral attack because: (1) he waived his right to collaterally attack his conviction and sentence; and (2) his counsel was not ineffective.

**1.     Waiver of Collateral Attack Rights**

Paragraph 10 of Petitioner's plea agreement contains a provision whereby Petitioner agreed to waive his appellate rights:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). In exchange for defendant's waiver, the United States waives

> its right to appeal the sentence.  In the event that there
> would be an appeal however, each party reserves the right
> to argue in support of the sentence.

ECF No. 337, at 3 - 4, ¶ 10.  Such a waiver of rights has been upheld as enforceable.

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)), the Fourth Circuit held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" The Fourth Circuit further wrote that whether a waiver is knowing and intelligent, "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused."  Id. quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992).  However, the Fourth Circuit found that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review on certain limited grounds.  Id. at 732.  The Court recognized that a defendant, "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race."  Id. quoting U.S. v. Marin, 961 F.2d 493 (4th Cir. 1992).  Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations."  Id.

The Fourth Circuit has also held there is, "no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights."  United States v. Lemaster,

403 F.3d 216, n. 2 (4th Cir. 2012).  Therefore, a waiver of the right to collaterally attack a sentence is valid as long as the waiver is knowing and voluntary.  Id.  When reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, a court must first determine whether there is valid waiver which:

> [D]epends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).[9]  Thus, if a reviewing court finds that the waiver of rights was valid, any collateral attack including an ineffective assistance of counsel claim related to the plea agreement, is barred by the waiver, provided that a plaintiff may still pursue a collateral attack or appeal related to imposition of an illegal sentence or plea proceedings conducted in violation of the Constitution.

Petitioner's plea entry was conducted on March 20, 2003 before United States Magistrate Judge Joel.  ECF No. 584.  At the plea hearing, the Government's counsel summarized Petitioner's waiver of his appellate rights pursuant to the agreement:

> In paragraph 10, it indicates that the [Petitioner] is aware that Section 3742 of Title 18 United States Code would give him the right to appeal his sentence.  Acknowledging that in

---

[9] The unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) suggests that when a court conducted a thorough Rule 11 colloquy and the defendant specifically mentioned he waived the right to appeal any sentence below the statutory maximum, the record thereby established that defendant made a knowing and voluntary waiver of rights.

> exchange for concessions made by the United States, the [Petitioner] has knowingly and voluntarily waived his right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever but including those grounds set forth in Section 3742.
>
> [Petitioner] has also waived his right to challenge his sentence or the manner in which it was determined that any collateral attack, including but not limited to, motions brought under Title 28 United States Code Section 2255 which is the habeas corpus statute.
>
> In exchange for the [Petitioner's] waiver, the United States has also waived its right to appeal the sentence.

ECF No. 584 at 10:9 – 11:7. The Court then conducted a colloquy with Petitioner regarding his waiver of various rights under the plea agreement, including his waiver of appellate rights:

> THE COURT:  Do you understand that by entering into this plea agreement and by entering a plea of guilty, you waived and given your right to appeal any sentence that the Court may impose?
> THE DEFENDANT:  Yes, sir.

Id. at 25:9 – 13.

The Court also conducted a colloquy with Petitioner regarding his understanding of the plea agreement and his decision to enter that agreement:

> THE COURT:  Is your decision to change your plea and enter a guilty plea a result of discussions between you, your counsel and the counsel for the Government?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Did you hear [the Government's] summary of the terms of the plea agreement?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Do you agree that he accurately summarized the plea agreement?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Do you have a copy of it in front of you?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Did you have an opportunity to read and discuss this plea agreement in detail with your lawyer before you signed it?

19

> THE DEFENDANT:  Yes, sir.
>
> . . . .
>
> THE COURT:   You understand the terms of the plea agreement?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Does the written agreement, as it exists in front of you, represent, in its entirety, all understandings that you have with the Government?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Has anyone made any other or different promises or assurance of any kind that are not contained in the written plea agreement in order to get you to sign it?
>
> THE DEFENDANT:  No, sir.
>
> THE COURT:  Other than what's contained in the written plea agreement, has anyone offered or promised you anything in order to get you to plead guilty today?
>
> THE DEFENDANT:  No, sir.
>
> THE COURT:  So, in other words, it's your decision to plead guilty on your own free and voluntary act today?
>
> THE DEFENDANT:  Yes, sir.

Id. at 20:11 – 22:10.

The Court also questioned Petitioner regarding his satisfaction with his counsel and his understanding of the proceedings:

> THE COURT:  Are you satisfied with the legal assistance, counseling and advice and actions that Mr. Manford has rendered to you on your behalf?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Can you think of anything that he should have done that he did not do on your behalf?
>
> THE DEFENDANT:  No, sir.

ECF No. 584 at 18:5 – 11.  The Court concluded the plea colloquy finding that the Petitioner's "is fully competent and capable of entering an informed plea, . . . that the [Petitioner's] plea of guilty is a knowing and voluntary plea supported by an independent basis in fact. . . ."  Id. at 34:18 – 35:11.  Because Petitioner voluntarily and knowingly waived his right to collaterally attack his conviction, his motion to vacate should be denied based on that waiver.

20

## 2. Counsel Effectively Assisted Petitioner

Despite waiving his rights to collaterally attack his conviction, Petitioner may challenge his conviction on the grounds of ineffective assistance of counsel. At his sentencing hearing, Petitioner sought to terminate his representation by counsel because his counsel did not challenge the relevant conduct which affected Petitioner's sentence. The Court inquired of counsel regarding the plea history, and counsel provided the following explanation:

> There were—if my recollection serves me right there was a prior plea that the deadline had expired on and we were still negotiating. [The Government's lawyer] even sent me another plea with a revised date for the acceptance.
> I took it upon myself to type out three different scenarios for Mr. Smith. He had a question about criminal history and we weren't sure exactly what would count and what wouldn't count. I—based on a level 32 and based on three possible scenarios, either a criminal history category of IV, V or VI, I specifically went over that with him and gave that information to him in writing, telling him what he was looking at, wors[t] case scenario, best case scenario and, as luck would have it, Your Honor, we're right in the middle.
> . . . . [W]e were told there was additional relevant conduct that could be added, in other areas, not in the crack area, Your Honor, and I advised him of all of that as well and basically my advice was it's only going to get worse than better at this point in time. . . I counseled him that I thought it was in his best interest to take the plea agreement.

ECF No. 587 22:20 – 23:22. Petitioner's claim that his counsel was ineffective because counsel did not challenge the court's findings regarding relevant conduct is without merit, as that claim does not meet the two-part Strickland test to demonstrate ineffective assistance of counsel. First, Petitioner is unable to demonstrate that his counsel's performance fell below an objective standard of reasonableness. Counsel considered the various potential criminal history categories, potential charges and counseled Petitioner to limit his exposure to additional incarceration by accepting the plea agreement. Moreover,

even if counsel had pursued such a challenge to the relevant conduct, there was no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.  A challenge to the relevant conduct would have invalidated the plea agreement in its entirety, leading Petitioner to face the seven additional counts of the indictment which were dismissed[10] pursuant to Petitioner's plea. Accordingly, because Petitioner cannot meet the two part test articulated in Strickland, this Court finds that he is unable to demonstrate he was denied effective assistance of counsel and his motion to vacate should be denied.

## V.  RECOMMENDATION

Based on the foregoing, this Court recommends that the Petitioner's § 2255 motion to vacate [ECF No. 928 in 3:02-CR-64; ECF No. 6 in 3:17-CV-115] be **DENIED.**

It is further RECOMMENDED that 3:02-CR-64 and 3:17-CV-115 be **DISMISSED WITH PREJUDICE** and retired from the docket of this Court.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to

---

[10]  Counts 1, 2, 51, 52, 55, 56 and 58 which all charged Petitioner with additional felony drug offenses were dismissed as part of the plea.  ECF Nos. 1, 506.

exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);   Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:       September 17, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE